ACCEPTED
15-24-00095-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
4/21/2025 12:00 AM
CHRISTOPHER A. PRINE
CLERK

**Court of Appeals Number: 15-24-00095-CV**

RECEIVED IN
15TH COURT OF APPEALS
AUSTIN, TEXAS
4/21/2025 12:00:00 AM
CHRISTOPHER A. PRINE
Clerk

**Trial Court Case Number: D-1-GN-24-002025**

| | |
|---|---|
| Edward Rudolph Turnbull, IV v. Commission for Lawyer Discipline, Daniela Grosz, Daniel Martinez, Seana Willing, John S. Brannon, Amanda Kates, Jenny Hodgkins, and the Board of Directors of the State Bar of Texas, Cindy V. Tisdale, Steve Benesh, Laura Gibson, Kennon Lily Wooten, et al. | IN THE COURT OF APPEALS FIFTEENTH DISTRICT AT AUSTIN, TEXAS |

# AMICUS CURIAE CITIZEN'S STATEMENT

In compliance with the Texas Rules Appellate Procedure (TRAP) Rule 11 (c); Amicus Curiae Citizen states that he did not receive any fee paid or to be paid for preparing the amicus curiae brief and submitted on 04/19/2025, via electronic filing EFILETX system in the case number assigned: 15-24-00095-CV and filed at the Court of Appeals 15th District of Texas at Austin.

**To the Honorable Court:**

The State Bar of Texas has been involved within nine-year of embezzlement by one State Bar's Board Former Membership Director, who pleaded guilty in 2013 to the theft of more than $500,000 in State Bar dues paid by the membership fees of the members of the State Bar of Texas.

1

This Grand Theft happened because the State Bar of Texas is an independent and self-regulated statewide public corporation and of which it is not audited by the State's Auditor of the Texas Comptroller and also there is no one Office of Inspector General of the Texas Government and to audit the efficiency, waste of money, fraud and other prevarications of the laws, rules, regulations and state statutes that this "non-profit" quasi state entity in Texas is classified as statewide administrative agency in the judicial department of the Texas Government and also being one statewide attorneys' trade association and being a nest of the conflict of interest and having as basis an inner circle of cronies policy.

For example, there is the legislative statewide agency SUNSET Advisory Commission and created by the Texas Legislature and in charge to supervise the transparency, accountability and efficiency of the statewide agencies of the Texas Government, but in practical manner is one useless statewide legislative agency in relation the accountability of the State Bar of Texas and because this statewide public corporation is self-regulated and independent from the State's Audit Office, Texas Comptroller, and it does not have a watchdog Office like the Office of Inspector General.

After nine-year of embezzlement and practiced by one Former Director of the Board of Directors of the State Bar of Texas, then the Board of Directors decided to pay for one private forensic auditor accountant company and to issue annual

financial reports of the State Bar of Texas and including about the efficiency, transparency and the wasting of time and money in the administrative proceedings and executed by the Office of the Chief Disciplinary Counsel of the State Bar of Texas and of which has systematically not complied with the statutory provisions of the "State Bar Act", Texas Government Code for authorized practice of law in Texas, Texas Disciplinary Rules for Procedures and including with the compliance of the Texas Attorney Disciplinary Rules and doing an unclear selective sorting of the grievance complaints assigned with the Office of the Chief Disciplinary Counsel of the State Bar of Texas.

Tex. Gov't Code § 81.012(2), (3), (6), (7) (providing the state bar should "foster and maintain on the part of [lawyers] . . . competence in public service," "publish information relating to" the "relationship of the state bar to the public," and "foster the role of the legal profession in serving the public").

The people of Texas, through their democratically elected state legislators, imposed several mandates on the State Bar. The mandates are not only to regulate the profession but to foster the administration of justice and improve the quality of legal services for people in Texas.

The State Bar has not fulfilled these mandates of providing accurate information to the public in general and when one valid grievance complaint has been dismissed for *'no just cause'* and not providing a full explanation to Complainant in one

Chief Disciplinary Counsel's Dismissal Letter issued in one perfunctory and rubberstamping style and for this reason the Chief Disciplinary Counsel ("CDC") has failed to foster her role of the legal profession and promoting an ethic of public service among Texas lawyers.

The public service mandate is of utmost importance because Texas lawyers are not merely business people engaged in a skilled trade for the authorized practice of law in the state of Texas.

Lawyers are officers of the Texas State Courts and intermediaries between Texans in need and their access to justice.

The Office of the Chief Disciplinary Counsel of the State Bar of Texas is considered to be the State Bar's "public protection service arm" and to achieve Texas's goals of fostering the administration of justice and improving the quality of legal service through its public service mandate as ex-officio official appointed by the Commission for Lawyer Discipline (CFLD) and subsequently affirmed by the Board of Directors votes of the State Bar of Texas in one public meeting under the Open Public Meeting Act, and being the Chief Disciplinary Counsel ("CDC"), one no-regular employee of the State Bar of Texas as one employee from one statewide public corporation and statewide administrative agency of the judicial department of the Texas Government and not elected by the members of the State

Bar of Texas and much less in one general election by the people of the state of Texas.

Basically, it is an inner circle of cronies' appointments and not having any kind of the meritocracy system and no direct election by the Citizens in Texas.

For example, the current Chief Disciplinary Counsel Seana Beckerman William has been indicated by her friend as antecessor Chief Disciplinary Counsel, Linda Acevedo, and when she was imminent her retirement as Chief Disciplinary Counsel of the State Bar of Texas, and having indicated her friend close crony to succeed as Chief Disciplinary Counsel of the State Bar of Texas in one political inner circle of cronies' appointments. No meritocracy, no election by the members of the State Bar of Texas and much less no election in general election by the Citizens in Texas and being a political public position as "Public Protection Arm" of the State Bar of Texas and to serve the public in general in the self-regulated grievance attorney system.

One time indicated by her friend close crony, then the Commission for Lawyer Discipline nominated her name for political inner circle crony's appointment and subsequently having been affirmed the nomination for political inner circle crony's appointment by the Board of Directors of the State Bar of Texas and to occupy a statewide public office as "Public Protection Arm" of the State Bar of Texas and having adopted the "weeded out" policy to dismiss 70% of the grievance

complaints in the initial administrative proceedings done before the classification attorney's staff of the office of the chief disciplinary counsel of the State Bar of Texas.

The State Bar's public service should help to ensure the legal profession to continue to serve the people of Texas effectively and with integrity.

The Bar engages with lawyers and the public, including through social media, podcasts, toolkits, and other digital platforms.

It is unacceptable that the incumbent Chief Disciplinary Counsel as appointed ex-officio official by the Board of Directors of the State Bar of Texas affirms in one podcast' public interview that the grievance complaints submitted with the Office of the Chief Disciplinary Counsel are "weed" and must be "weeded out" at approximately 70% of the complaints submitted with the classification attorneys' staff of the Office of the Chief Disciplinary Counsel at Austin's Headquarters of the State Bar of Texas and being perfunctorily classified as Grievance Inquiries and for summary dismissal in the initial administrative proceeding adopted by the Office of the Chief Disciplinary Counsel of the State Bar of Texas with the public in general.

Also, the currently elected President of the State Bar of Texas, William Stephen Benesh, he has promised in his political platform campaign in his web site and addressed to the members voters in general of the State Bar of Texas and also to

the public in general in Texas that he would implement newly streamlined administrative procedures in the grievance complaints attorney system with the Office of the Chief Disciplinary Counsel ("OCDC") of the State Bar of Texas.

See: <u>Steve Benesh</u> See: <u>General 2 — Steve Benesh</u> about his promise to streamline the Grievance System:

"***Examine ways to make the attorney grievance process <mark>more streamlined</mark> and***

***easier to understand***" (Emphasis added).

However, he did not comply with his political promise in his political platform campaign and published in his website as elected President of the Board of Directors of the State Bar of Texas and being that is a statutory administrative role of the elected President of the State Bar of Texas as elected officer of the State Bar of Texas and also being the Superior Respondent of the statewide public corporation to assist the State Bar to more effectively discharge the public responsibilities of the legal profession. See: State Bar Act, § 81.012 (2), (3), (6), & (7).

This civil case and filed by the Attorney Turnbull as a member in good standing of the State Bar of Texas and against the Board of Directors, as well as, with the Commission for Lawyer Discipline and with the Chief Disciplinary Counsel ("CDC"), Mr. Turnbull has exposed the lack of accountability in this political inner circle of cronies cartel and where the Chief Disciplinary Counsel ("CDC") earns at

7

approximately $200,000.00 as annual salary and plus generous benefits and paid by the members of the State Bar of Texas (and including by the Attorney Turnbull with his membership fee and paid annually to the State Bar of Texas).

The Chief Disciplinary Counsel ("CDC") did not perform her basic ministerial duties as one ex-officio official and not regulated employee appointed by the CFLD and affirmed her nomination for political inner circle of cronies' appointment by the Board of Directors of the State Bar of Texas and having been hired as one no regular employee (at will employment) from one statewide public corporation and that is in fact a **Quasi State Entity** as statewide administrative agency of the judicial department of the Texas Government and also being one statewide attorneys' trade association and having a flagrant conflict of interest in this licensing statewide agency in Texas.

Also, Mr. Turnbull as Attorney in good standing with the State Bar of Texas and with his annual membership paid to this licensing statewide agency, he did not vote in any election of the State Bar of Texas and to elect the Chief Disciplinary Counsel ("CDC") of the State Bar of Texas and much less as a citizen in Texas in general election and because the Chief Disciplinary Counsel ("CDC") is a political position nominated and appointed by the CFLD and after affirmed by the Board of Directors of the State Bar of Texas in one political inner circle of cronies' cartel and that still stipulate about the annual salary and generous benefits to be paid by

8

one ex-officio official and not regulated employee of one statewide public corporation and whose salary is paid inclusive by the Attorney Turnbull as member of the State Bar of Texas.

Unfortunately, the actual administrative structure of the State Bar of Texas is designated to cover up the Chief Disciplinary Counsel's wrongdoings and where the department in charge to supervise the overall ministerial duties performed by the Chief Disciplinary Counsel ("CDC") is the Commission for Lawyer Discipline ('CFLD") and that is a *"Standing Commission"* and not being a Government Body of the Judicial Department of the Texas Government.

In other words, who supervises the ministerial duties of the ex-officio official as Chief Disciplinary Counsel of the State Bar of Texas is one "Standing Commission" constituted from members appointed by the Board of Directors of the State Bar of Texas and of which it does not have any administrative power as government body of the judicial department of the Texas Government and to supervise in fact the accountability of the Chief Disciplinary Counsel of the State Bar of Texas and who is one no regular employee of the statewide public corporation and having as her boss the elected officers of the State Bar of Texas, respectively: Elected President, Elected Vice-President, and Elected Former President of the Board of Directors of the State Bar of Texas, and whose Board of Directors is the unique government body of the State Bar of Texas with the judicial

department of the Texas Government, and that it responds directly about the accountability of the administrative acts perpetrated by the Chief Disciplinary Counsel ("CDC") with the Supreme Court of Texas as one statewide judicial agency and that promulgate the Texas Rules of Disciplinary Attorney, Texas Attorney Disciplinary Procedures and the state statute "State Bar Act", as well as, the compliance of the Texas Government Code about the authorized practice of law in Texas.

Unfortunately, since the attorney Turnbull has filed his civil lawsuit in one State Judicial District Civil Court in Travis County, he had to challenge the multiple immunity theories and showed by the attorneys of the State Bar of Texas as a shield to cover up all wrongdoings perpetrated by the Office of the Chief Disciplinary Counsel of the State Bar of Texas as Ultra Vires Acts perpetrated not only by the Chief Disciplinary Counsel, but from her subordinated employees as accomplices in the Office of the Chief Disciplinary Counsel and under the total leniency and omission "supervised" in overall by the CFLD as "Standing Commission" and including by the Board of Directors of the State Bar of Texas as government body of the State Bar of Texas and being de facto the truly Superior Respondents about the total mess and conflict of interest that it exists in the Office of the Chief Disciplinary Counsel of the State Bar of Texas and for more than 10 years.

The currently elected President of the State Bar of Texas, William Stephen Benesh, <u>did not implement in absolutely in nothing a newly streamlined administrative procedure in the grievance complaints attorney system with the Office of the Chief Disciplinary Counsel ("OCDC") of the State Bar of Texas.</u>

Not even has examined any ways to make the attorney grievance process more streamlined to the public in general, except, supporting the current policy adopted by the Chief Disciplinary Counsel Seana Beckerman William to "weeded out" 70% of the grievance complaints submitted by the Complainants with the Office of the Chief Disciplinary Counsel of the State Bar of Texas in Austin, Texas and after having a second "weeded out" phase with approximately 30% of the grievance complaints and classified in fact as grievance complaints and being removed at approximately 25% in the second phase "weeded out" adopted method by the Chief Disciplinary Counsel Seana Beckerman William and narrated in her public interview conceded by one podcast in Austin, Texas.

Also, there is no transparency in this Self Regulated Attorney Grievance System of the State Bar of Texas and there is no one web page that the Complainant can follow up the dates of the events, calendars, Complaints, Responses of the Complaints, Reply of the Complaints, other documents, administrative quasi judicial proceedings held, et cetera.

Everything is done in absolute secretive proceedings and where the Complainant does not have any access about his grievance complaint status assigned with the Office of the Chief Disciplinary Counsel of the State Bar of Texas and when the Complainant seeks information or simply complain for the lack of compliance of the current rules for attorney disciplinary procedures, the Chief Disciplinary Counsel acts in political retaliation against the citizen as Complainant and depriving the Complainant for access information with the regional investigator assigned of the grievance complaint and located in one determined regional office of the Chief Disciplinary Counsel of the State Bar of Texas and violating the state statute Texas Citizens Participation Act ("TCPA") and when the Citizen has the right to communicate with any part of the government, to file petitions and to express his opinion as freedom of speech and without receive any kind of the political retaliation and much less deprivation from his constitutional rights and guaranteed in the first amendment of the United States Constitution, as well as, with the Texas Constitution, state statutes and federal statutes.

It is absolutely unacceptable what is happening in the Office of the Chief Disciplinary Counsel of the State Bar of Texas and more unacceptable is to see the total omission and negligence of the Board of Directors and of the Commission for Lawyer Disciplinary and the elected officers of the Board of Directors as Superior Respondents of this statewide public corporation.

At least, the currently elected President of the Board of Directors of the State Bar of Texas should report to the Supreme Court of Texas, the Texas House of Representatives of the Committee on Judiciary & Civil Jurisprudence, the SUNSET Advisory Commission, and with the Texas Senate about the total mess that is happening with the Office of the Chief Disciplinary Counsel of the State Bar of Texas.

The elected President of the State Bar of Texas has a great opportunity to express his opinion before the Committee on Judiciary & Civil Jurisprudence of the Texas House of Representatives. See: Texas Legislature Online - 89(R) History for HB 5104 Relating to membership and fees collected by the State Bar of Texas and to disciplinary procedures for licensed attorneys. Author: Schatzline, and whose proposal of the Bill has been referred on 04/07/2025 in the legislative session: 89(R) as HB: 5104 and to be heard before the Committee on Judiciary & Civil Jurisprudence of the Texas House of Representatives.

Also, Mr. Turnbull, Mr. Gaines West, and other attorneys have a great opportunity to express their opinions before the Committee on Judiciary & Civil Jurisprudence of the Texas House of Representatives about the current self regulated attorney grievance process and not streamlined as promised by the current elected President of the State Bar of Texas in his political platform campaign and when he was a candidate for the presidency of the Board of Directors of the State Bar of Texas.

13

It is more than time and from the elected President of the State Bar of Texas to take an initiative as elected Superior Respondent of this statewide public corporation and to face the real problems found in the Office of the Chief Disciplinary Counsel about the grievance attorney system and not to circumvent and to leave the problems with his successor.

Respectfully submitted,

*/s/Adriano Kruel Budri*
Adriano K. Budri
Amici Curiae Citizen
Email address: abudri64@gmail.com

# CERTIFICATE OF SERVICE

I certify that I served all parties to this appeal through the Court's electronic filing system, including Appellant's and Appellee's counsel on 04/19/2025.

*/s/Adriano Kruel Budri*
Adriano Kruel Budri
Amici Curiae Citizen
Email address: abudri64@gmail.com

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 99854954
Filing Code Description: Other Document
Filing Description: AMICUS CURIAE CITIZEN STATEMENT
Status as of 4/21/2025 7:05 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Pat Mizell | | pmizell@velaw.com | 4/19/2025 2:05:18 PM | SENT |
| Billy SHart | | billy.hart@westwebblaw.com | 4/19/2025 2:05:18 PM | SENT |
| Jay Rudinger | | jay.rudinger@westwebblaw.com | 4/19/2025 2:05:18 PM | SENT |
| David Kitner | 11541500 | dkitner@clarkhill.com | 4/19/2025 2:05:18 PM | SENT |
| Jadd Masso | 24041411 | jmasso@clarkhill.com | 4/19/2025 2:05:18 PM | SENT |
| Royce Lemoine | 24026421 | royce.lemoine@texasbar.com | 4/19/2025 2:05:18 PM | SENT |
| Richard Huntpalmer | 24097857 | Richard.Huntpalmer@texasbar.com | 4/19/2025 2:05:18 PM | SENT |
| Gaines West | 21197500 | gaines.west@westwebb.law | 4/19/2025 2:05:18 PM | SENT |
| John Rudinger | 24067852 | jay.rudinger@westwebblaw.com | 4/19/2025 2:05:18 PM | SENT |
| Judd Stone | 24076720 | Judd@stonehilton.com | 4/19/2025 2:05:18 PM | SENT |
| Daniel Olds | 24088152 | dolds@clarkhill.com | 4/19/2025 2:05:18 PM | SENT |
| Brooke Noble | | bnoble@velaw.com | 4/19/2025 2:05:18 PM | SENT |
| Michael Graham | 24113581 | Michael.Graham@TEXASBAR.COM | 4/19/2025 2:05:18 PM | SENT |
| Emily Bamesberger | | ebamesberger@velaw.com | 4/19/2025 2:05:18 PM | SENT |
| Justin B.Cox | | jbcox@clarkhill.com | 4/19/2025 2:05:18 PM | SENT |
| Gaines West | | gaines.west@westwebblaw.com | 4/19/2025 2:05:18 PM | SENT |